UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 19-71 |
| ANIL PRASAD | SECTION: "H" |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Modify a Term of Supervised Release (Doc. 60).

Defendant Anil Prasad reported to the Federal Correctional Institute in Oakdale, Louisiana on March 30, 2020 to serve a 24-month sentence for conspiracy to unlawfully prescribe controlled substances for no legitimate medical purpose and outside the course of professional practice and conspiracy to commit health care fraud. On June 2, 2020, this Court granted Defendant's Motion for Compassionate Release in light of the heightened medical risk the COVID-19 pandemic posed to Defendant given his serious health conditions. Accordingly, Defendant served only nine weeks in custody. His sentence was reduced to time served, and the Court ordered him to serve the remainder of his term of imprisonment on home incarceration, followed by the three-year term of supervised release imposed in the original sentence. Defendant began his term of supervised release on November 1, 2021.

1

Defendant now moves *pro se* for early termination of his term of supervised release and for appointment of an attorney to pursue such. Defendant contends that while he has had some work, procurement of employment has been difficult and that "recidivism is not a concern" for him.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. "[E]mployment limitations are not necessarily sufficient to warrant early termination."[4] Further, "[c]ompliance with the terms of supervised release and with the law

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United State v. Reed, No. CR 15-100, 2020 WL 4530582, at *3 (E.D. La. June 5, 2020) (and cases cited therein); United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022) ("Pitman's desire to travel to larger markets within the State of Texas in relation to his job as a User Experience and User Interface (UX/UI) Designer is not a new or exceptional circumstance.").

2

alone is not enough to merit early termination; such conduct is expected and required."[5] In addition, the Court finds that given the compassionate release that Defendant received significantly reducing his time in incarceration, continued supervision appropriately reflects the seriousness of his offense and satisfies the goal of deterrence.

Finally, the appointment of representation is only warranted when the defendant faces "extension or revocation of a term of supervised release."[6] Defendant is therefore not entitled to counsel for his request for early termination of supervised release, and he has not provided any compelling reason why the interest of justice warrants appointed counsel.

Accordingly;

**IT IS ORDERED** that Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 26th day of May, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

[6] 18 U.S.C. § 3006A.